UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STARBUCKS CORPORATION, | ) | No.  C 09- |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR INJUNCTIVE |
| | ) | AND OTHER RELIEF |
| v. | ) | |
| | ) | |
| PAUL TWOHIG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

As its Complaint, Starbucks Corporation ("Starbucks") alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.      Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, King County, Washington. Starbucks has paid all dues and fees owing to the State, is in good standing, and is entitled to bring this action.

2.      Paul Twohig ("Twohig") is an individual who is believed to reside in Hilton Head, South Carolina.  Over the years, Twohig has held a variety of executive level positions with Starbucks, and at the time of his separation from the company in March 2009, Twohig was serving as a Division Senior Vice President, Starbucks Coffee U.S., with responsibility for all aspects of Starbucks retail operations in its Southeast division.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-          ) — 1
DWT 13416161v2 0050033-000146

3.     Twohig has regularly visited and has done business in and directed to the State of Washington as an executive with Starbucks, including accepting employment and entering into the contracts described herein.

4.     The Court has both general and specific jurisdiction over the person of Twohig.

5.     The amount in controversy, including independently (a) the damages and (b) the value of the injunctive relief sought in this matter, exceeds $75,000.

6.     This is a controversy between citizens of different States.

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8.     A substantial part of the events giving rise to this claim occurred in and around Seattle, Washington.  This is a proper venue for this action pursuant to 28 U.S.C. § 1391, and this is properly considered a Seattle case under LR 5.

9.     In the Separation Agreement discussed herein, Twohig expressly consented to jurisdiction and exclusive venue in a court of competent jurisdiction in King County, Washington for the claims set forth herein.

## FACTUAL BACKGROUND

10.     Twohig first joined Starbucks in 1996.  Twohig left the employ of Starbucks in 2002 and returned in 2004.

11.     As a condition of his reemployment by Starbucks, Twohig executed a Non-Competition Agreement dated as of November 15, 2004 (the "Non-Competition Agreement"). The Non-Competition Agreement calls for the application of Washington law.

12.     In the Non-Competition Agreement, Twohig promised that for a period of 18 months after leaving the employ of Starbucks, he would not participate in the management, operation or control of any business which was in direct competition with Starbucks' business

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-            ) — 2
DWT 13416161v2 0050033-000146

within a 50 mile radius of such business.

13.     After executing the Non-Competition Agreement, Twohig was assigned responsibility as Zone Senior Vice President, and later promoted to Division Senior Vice President.  As part of his job duties, Twohig was responsible for leading the development of the Starbucks brand for thousands of retail stores in retail markets.  Twohig developed his division's business plans and was responsible for the execution of the overall strategy to meet or exceed those business plans.  In these positions Twohig reported directly to the Starbucks president responsible for all of Starbucks operations in the United States.

14.     Twohig left the employ of Starbucks effective March 2, 2009.  At the time of his departure, Twohig entered into a Separation Agreement and Release with Starbucks (the "Separation Agreement").  Like the Non-Competition Agreement, the Separation Agreement calls for the application of Washington law.

15.     Twohig received substantial severance pay and other consideration as part of the Separation Agreement.

16.     In the Separation Agreement, Twohig expressly and repeatedly acknowledged and promised to honor his obligations to Starbucks under the Non-Competition Agreement.

17.     On or about August 20, 2009, Twohig contacted Starbucks to inquire whether he might be released from the Non-Competition Agreement so that he could take a position with Dunkin' Donuts.

18.     Dunkin' Donuts has announced itself as a direct competitor of Starbucks who is intent on taking away Starbucks' customers.  As an example, attached as Exhibit A is a true and correct copy of a press release found on dunkindonuts.com titled "**WINNER IN THE BATTLE OF THE BREWS: DUNKIN' DONUTS BEAT STARBUCKS IN INDEPENDENT NATIONWIDE TASTE TEST.**"  The press release directs readers to

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-          ) — 3
DWT 13416161v2 0050033-000146

visit a website identified as "dunkinbeatsstarbucks.com."

19.     As part of his job duties while serving as a Senior Vice President for Starbucks, Twohig participated in and was responsible for formulating business strategies to grow Starbucks business and respond to competitors, including Dunkin' Donuts.

20.     After due consideration and deliberation, Starbucks declined Twohig's request to be released from his Non-Competition Agreement.

21.     On or about September 14, 2009, Starbucks was contacted by Christine Deputy, Dunkin' Donuts' Senior Vice President, Human Resources, about Twohig.  Ms. Deputy is a former Starbucks employee.  Deputy was told that Twohig was under an 18-month non-competition covenant, and was not in a position to accept a position with Dunkin' Donuts.

22.     On or about October 3, 2009, Starbucks learned, through periodic internet searches, that Twohig had apparently accepted a position with Dunkin' Donuts as its Brand Operations Officer.

## CLAIMS FOR RELIEF

### A.     Breach of Contract

23.      Starbucks incorporates the allegations in paragraph 1-22 of the Complaint as if set forth fully herein.

24.     By his actions, Twohig has breached and is in continuing breach of the Non-Competition Agreement.

25.     By his actions, Twohig has breached and is in continuing breach of the Separation Agreement.

26.     Starbucks has been harmed by Twohig's breaches of the agreements, and will continue to suffer ongoing harm in the event that Twohig is allowed to continuing breaching

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-            ) — 4

said agreements.

27.     Starbucks is entitled to monetary damages in an amount to be determined, including but not limited to the disgorgement of amounts paid to Twohig under the Separation Agreement.

**B.      Unjust Enrichment**

28.     Starbucks incorporates the allegations in paragraph 1-27 of the Complaint as if set forth fully herein.

29.     Twohig received payments and other benefits, including salary, stock, benefits and severance pay from Starbucks in reliance on Twohig's promises not to join a competitor upon leaving its employ.

30.     It would be unjust for Twohig to retain the consideration received from Starbucks, and were he allowed to retain such benefits, he would be unjustly enriched.

31.     Twohig should be ordered to disgorge payments and other benefits received from Starbucks.

**C.      Immediate, Preliminary and Permanent Injunctive Relief**

32.     Starbucks incorporates the allegations in paragraphs 1-31 of the Complaint as if set forth fully herein.

33.     Starbucks has both a clear legal and equitable right to enforce the terms of the Non-Competition Agreement and Separation Agreement.

34.     Starbucks has a well-grounded fear of the immediate invasion of its rights.

35.     The invasion of its rights has or will result in substantial harm to Starbucks.

36.     The harm to Starbucks will be difficult to directly ascertain and may well be irreparable.

37.     The balance of harm tips sharply in favor of Starbucks in this case.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-            ) — 5
DWT 13416161v2 0050033-000146

38.     In both the Non-Competition Agreement and Separation Agreement, Twohig acknowledged and agreed that breach of the agreements would cause irreparable harm to Starbucks and that specific performance was an appropriate remedy.

39.     Starbucks is entitled to immediate, preliminary and permanent injunctive relief barring Twohig from employment with Dunkin' Donuts for the remainder of the Term of the Non-Competition Agreement, and enjoining him for disclosing any of Starbucks' confidential information.

**WHEREFORE**, Starbucks requests the following relief:

A.     That the Court enter judgment in favor of Starbucks on each of its claims;

B.     That Twohig be enjoined from employment with Dunkin' Donuts during the Term of the Non-Competition Agreement, and from disclosing Starbucks' confidential information;

C.     That Starbucks be awarded damages in an amount to be determined;

D.     That Starbucks be awarded fees and costs to the full extent permitted by law, including RCW 4.84.330; and

E.     That Court award such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 5th day of October, 2009.

Davis Wright Tremaine LLP
Attorneys for Starbucks Corporation


By *s/Brad Fisher*_____
Brad Fisher, WSBA #19895
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Phone:  206-757-8042
Fax:  206-757-7042
Email:  bradfisher@dwt.com

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
(No. C 09-            ) — 6
DWT 13416161v2 0050033-000146

Exhibit A





| HOME | FRANCHISING | STORE FINDER | HELP | YOUR ACCOUNT/PROFILE | CHECKOUT | SIGN IN | NUTRITION | DDSMART |

| SHOP ONLINE | COFFEE SUBSCRIPTION | DUNKIN DONUTS CARD | FOR BUSINESSES | CONTESTS & PROMOS | ABOUT US |

# About Us

## Dunkin' Donuts Press Room

▸ About Us

- DDSMART
- Nutrition
- Dunkin' Difference
- Featured Products
- Company Information
- Press Room
  - Press Releases
  - Media Contacts
  - Receive News
  - Image Gallery
- Store Finder
- Franchising
- Careers
- Contact Us

### Press Releases

**WINNER IN THE BATTLE OF THE BREWS: DUNKIN' DONUTS BEAT STARBUCKS IN INDEPENDENT NATIONWIDE TASTE TEST**
*Consumers invited to learn more at new website, www.DunkinBeatStarbucks.com*

**CANTON, Mass. (October 20, 2008)** -- Dunkin' Donuts or Starbucks? Americans have made their coffee choice clear. An independent taste test of coffee drinkers across ten major U.S. markets shows a significant majority of participants preferred Dunkin' Donuts coffee over Starbucks.

A&G Research, Inc., under the counsel of claims test advisor Al Ossip, conducted the taste test in May and June in Atlanta, Boston, Chicago, Cleveland, Dallas, Detroit, Los Angeles, Miami, New York City, and Starbucks' home turf, Seattle. 476 adults, each of whom had consumed regular, hot brewed coffee within the past week, participated in this double-blind taste test. For the test, A&G Research used fresh packaged coffee purchased in each brand's stores, tested each brand's most popular flavor (Dunkin' Donuts Original Blend versus Starbucks House Blend), brewed the coffee using equipment recommended by each brand and served it black.

A&G says that the study results clearly indicate a preference for Dunkin' Donuts:

- Among all participants, **54.2% preferred Dunkin' Donuts coffee, compared to 39.3% who chose Starbucks.** 6.3% expressed no preference.
- Of those participants who did have a preference, **58% favored Dunkin' Donuts coffee, versus 42% for Starbucks.**

Consumers are invited to learn more about Dunkin' Donuts' coffee at a new website, www.DunkinBeatStarbucks.com, beginning today.

"The results of this independent taste test underscore what our customers have always known: Dunkin' Donuts quite simply serves the best cup of coffee in the country," said Frances Allen, Brand Marketing Officer for Dunkin' Donuts. "Dunkin' Donuts' 58-year heritage in coffee is unmatched by any other chain. Keeping Americans running all day with the highest-quality coffee has always set our brand apart from competitors. It will continue to fuel our growth westward so every coffee drinker in America can experience for themselves the country's best-tasting coffee, always served fast, fresh and at an affordable price," she said.

Beginning on national television today, a new spot will depict vignettes of hard-working Americans who have taken a blind taste test during their busy daily routines. A poll-taker seeks their vote and makes a checkmark on a clipboard to illustrate the results. The spot, which was created by Hill Holliday, offers an entertaining, light-hearted approach that leaves the unmistakable message that consumers prefer Dunkin' Donuts coffee over Starbucks. The spot reminds people that America, does indeed, run on Dunkin'. The message will also be communicated on radio, in-shop and online.

For millions of people, enjoying a cup of Dunkin' Donuts coffee is a daily ritual. Dunkin' Donuts has set the industry standard for offering a superior grade of coffee, and the company sells nearly 1.5 billion cups of coffee every year. In 2008, for the second year in a row, Dunkin' Donuts ranked number one in customer loyalty in the coffee category by the Brand Keys Customer Loyalty Engagement Index. According to the survey, Dunkin' Donuts was the leading brand for consistently meeting or exceeding consumer expectations.

**About Dunkin' Donuts**
Founded in 1950, Dunkin' Donuts is America's favorite everyday, all-day stop for coffee and baked goods. Dunkin' Donuts is the #1 retailer of hot and iced regular coffee-by-the-cup in America, and the largest coffee and baked goods chain in the world. Dunkin' Donuts has earned the #1 ranking for customer loyalty in the coffee category by Brand Keys for two years running. The company has more than 7,900 restaurants in 30 countries worldwide. In 2007, Dunkin' Donuts' global system-wide sales were $5.3 billion. Based in Canton, Massachusetts, Dunkin' Donuts is a subsidiary of Dunkin' Brands, Inc. For more information, visit www.DunkinDonuts.com.

# # #

Contact:
Andrew Mastrangelo
Dunkin' Donuts
(781) 737-5200
Andrew.Mastrangelo@DunkinBrands.com

⬤ Return to List



**Something fresh is always brewin' here!**[SM]

Shop Online | Coffee Subscription | Dunkin' Donuts Card | For Businesses | Contests & Promos | About Us

© 2009. DD IP Holder LLC. All rights reserved. Terms of Use. Privacy Policy.