The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARBUCKS CORPORATION, | No. C09-1404 RSM |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| PAUL TWOHIG, | |
| Defendant. | |

The parties to this action ("the Parties") stipulate to the following Protective Order to apply to documents and information produced or disclosed in this case:

**PROCEDURE AND DEFINITIONS**

**1.  Confidential and Attorneys Eyes Only Information**

The Parties may designate as "Confidential" or "Attorneys Eyes Only" by stamping or other appropriate means, any document, defined as a writing or recording under ER 1001, produced in accordance with applicable discovery rules or by agreement, including, without limitation, interrogatory answers, responses to requests for admission, responses to requests for production, responses to subpoenas, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively, "Document") containing information it believes in good faith to be confidential and proprietary personal or corporate information that is not generally or publicly known and that the designating party normally

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 1
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

would not reveal to third parties or would require third parties to maintain in confidence ("Confidential Information").

**2.   Access to Confidential Information Designated "Confidential"**

Confidential Information designated "Confidential," and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this litigation:

    a.   The Parties and their officers, directors, employees and representatives who have need for such information for purposes of this litigation;

    b.   Counsel for the Parties and their employees necessarily involved in the conduct of this litigation;

    c.   Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

    d.   During deposition or trial, any witness where necessary to the testimony of such witness;

    e.   Any person who is familiar with such information from some context other than the litigation itself;

    f.   The Court, jury, court personnel, court reporters, and similar personnel; or

    g.   Any other person with the prior written consent of the designating party.

**3.   Access to Confidential Information Designated "Attorneys Eyes Only."**

Confidential Information designated as "Attorneys Eyes Only," and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this litigation:

    a.   Counsel for the Parties and their employees necessarily involved in the conduct of this litigation;

    b.   Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 2
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

  c. Any person who is familiar with such information from some context other than the litigation itself;

  d. The Court, jury, court personnel, court reporters, and similar personnel; or

  e. Any other person with the prior written consent of the designating party.

Under no circumstances shall documents designated as "Attorneys Eyes Only" be disclosed by the receiving party to any third party, including any representative or counsel for Dunkin' Brands, Inc.; provided, however, that "Attorneys Eyes Only" information may be disclosed to Mr. Twohig by Mr. Twohig's counsel, and Mr. Twohig shall be allowed to inspect, but not retain copies of, "Attorneys Eyes Only" documents.  Mr. Twohig may receive or view documents through a secure connection to a private computer using his private email account, but under no circumstances shall documents or information designated "Confidential" or "Attorneys Eyes Only" be transmitted to or through a Dunkin' Brands email account or server, nor shall copies of any such materials or information be viewed or printed at a Dunkin' Brands office or location.

**4. Time for Making Confidential Designations**

Designation of any Document as "Confidential" or "Attorneys Eyes Only" must be made before a copy of the Document is produced by one party to another party, except that the Parties may designate any Document produced by a third party as "Confidential" within ten (10) calendar days of production.  In the case of deposition transcript pages, the designating party must state on the record that the testimony is "Confidential" or "Attorneys Eyes Only" and must advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Unless designated in accordance with this paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 3
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**CONSENT TO BE BOUND**

5.  **Notice of Order**

Prior to receiving, being shown or using Confidential Information, persons falling in the categories listed above, other than counsel whose signatures appear below and persons identified in paragraphs 2(f) and 3(d), shall be shown a copy of this Stipulation and Protective Order, and shall agree in writing by signing the Undertaking attached hereto as Exhibit A, or shall agree orally on the record during deposition or trial, to be bound by the terms of this Protective Order.

6.  **Use at Depositions**

Any party asserting confidentiality of any information during a deposition shall seek agreement of the deponent on the record to preserve such confidentiality. If a deponent (who is not a person described in paragraph 2(e)) refuses to assent, disclosure of such information to the deponent during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the deponent shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the original transcript or related exhibits containing or referring to confidential information shall be given to the deponent. Rather, the party asserting the confidentiality of any information shall provide the deponent with a copy of the transcript with all references to the confidential information and/or exhibits containing the confidential information redacted and/or removed.

**CHALLENGE TO DESIGNATIONS**

7.  **Notification and Challenge**

If any of the Parties challenges the confidentiality designation of any Confidential Information, that party challenging the confidentiality designation may seek appropriate relief from the Court upon notice of at least ten (10) calendar days to all interested parties. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate in the circumstances. All interested parties will

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 4
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court.

The Parties' agreement to treat documents pursuant to this order shall not be deemed an acknowledgement that any document is, or is not, confidential for purposes of the claims in this action.

**8.    Effect on Restrictions**

If a motion challenging a confidentiality designation is filed, the provisions of this Protective Order will apply to the Confidential Information until the motion is decided.

### OTHER PROVISIONS

**9.    Filing Under Seal**

Any Party or third-party discovery respondent ("Filing Party") seeking to file with the Court a document that contains Confidential Information shall move to obtain the Court's permission to file that document under seal. The Filing Party shall give as much notice of the motion to seal as is practicable under the circumstances to all Parties to allow them to be heard on the motion. The Filing Party shall comply with any procedures ordered by the Court with respect to such motions, but under no circumstances shall the Filing Party file the document not under seal prior to the Court's ruling on the motion to seal. If a document containing Confidential Information is to be filed before the Court can rule on a motion to seal such material, such materials shall be filed under seal along with a contemporaneous motion to seal. If the information has been designated as "Confidential" or "Attorneys Eyes Only" by a party other than the Filing Party, the party so designating the Confidential Information shall file papers making a showing of confidentiality within 10 days of the Filing Party's motion. Documents filed under seal shall be filed in a manner consistent with CR 5(g) of the District Court of the Western District of Washington.

**10.   Return of Documents**

Upon completion of the litigation, the original and all copies of all Documents containing Confidential Information must be returned to counsel for the producing party or

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 5
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

destroyed in accordance with the directive of the counsel for the owner-party of such documents. The non-producing parties must provide to counsel for the producing party a certificate reflecting such disposition. The Parties and their counsel will not be required to return or destroy any Document that was admitted into evidence at trial.

**11.    Scope of Protective Order**

Nothing in this Protective Order restricts any of the Parties from using or disclosing its own Confidential Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a party or a third party or in the public domain before the date of entry of this Protective Order.

**12.    Retention of Jurisdiction**

The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

**13.    Privilege is Maintained**

Neither the provisions of this Protective Order nor any disclosure by any Party pursuant to this Protective Order shall constitute a waiver, at any time or in any other litigation, of any attorney-client or work product privilege that any party may possess.

**SO ORDERED** this 19 day of October, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE
**STIPULATED AND AGREED TO:**

DAVIS WRIGHT TREMAINE LLP
By s/ Brad Fisher
    Brad Fisher, WSBA #19895

Attorneys for Plaintiff

BYRNES & KELLER
By s/ Paul Taylor
    Paul Taylor, WSBA #14851
Attorneys for Defendant

STIPULATED PROTECTIVE ORDER
(No. 09-CV-1404RSM) — Page 6
DWT 13426900v10 0024663-002462

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700